IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>   TRADES INDUSTRY PENSION FUND<br>TIM D. MAITLAND, in his official capacity as a fiduciary,<br>7234 Parkway Drive<br>Hanover, MD 21076<br><br>                Plaintiffs,<br>v.<br><br>SRI CONSTRUCTION LLC,<br>d/b/a SRI CONSTRUCTION LLC.<br>200 South Service Road, Suite 101<br>Roslyn Heights, NY 11577<br><br>GURU SWITZOOR<br>2 China Lane<br>Setauket, NY 11733<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. |

**COMPLAINT IN CONFESSION OF JUDGMENT**

Plaintiffs, by undersigned counsel, complain about Defendants as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint in Confession of Judgment is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the District Court of Maryland are under 29 U.S.C. §§ 185(a), 1132(e)(2) and/or 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan").

5. The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as "International Brotherhood of Painters and Allied Trades Union and Industry National Pension" in the Labor Contract(s) relating to this complaint.

6. Plaintiff, Tim D. Maitland ("Maitland" and, together with the Pension Fund, "Plaintiffs") is a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Fund as an organization.

7. The Pension Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for the Pension Plan and sue on behalf of the Pension Plan.

8. Defendant, SRI Construction LLC, d/b/a SRI Construction LLC. ("Company") is

a New York limited liability corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

9. Defendant, Guru Switzoor ("Switzoor" and together with Company, "Defendants") is an individual and an owner, officer, agent or managing agent of Company with a business or residential address as listed in the caption. Switzoor executed a Promissory Note and Personal Guarantee and is personally liable to the Pension Fund for the debts and obligations of the Company as described herein.

**COMMON FACTS**

10. Company was bound to collective bargaining agreement(s) ("Labor Contract") with International Union of Painters and Allied Trades, District Council 9 ("Union") requiring the payment of fringe benefits contributions and wage deductions to International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") for hours worked or wages earned by covered workers. A true and correct copy of the Labor Contract Signature Page is attached as Exhibit 1.

11. On October 16, 2017, in order to resolve $180,336.22 in debts owed by Company to the Plaintiffs for the period July 2014 through April 2015, Company and Switzoor entered into a Settlement Agreement ("Agreement"), Promissory Note ("Note"), and Warrant of Attorney to Confess Judgment ("Warrant"). True and correct copies of the Agreement, Note and Warrant are attached collectively as Exhibit 2.

12. Under the terms and conditions of the Agreement, the Plaintiffs agreed to conditionally waive $27,995.28 in liquidated damages owed by Company if Company complied with the terms of the Agreement, resulting in a balance owed under the Agreement of $152,340.94 ("Settlement Sum").

13. The terms and conditions of the Note required Defendants to submit to the Plaintiffs fifteen (15) monthly installment payments commencing November15, 2017, with the final payment on or before January 15, 2019, in order to pay the settlement sum of $152,340.94 to Plaintiffs.

14. Defendants, for good and valuable consideration, made and executed in favor of the Plaintiffs the October 13, 2017 Note and Warrant, wherein Defendants became liable to the Plaintiffs for the principal sum of $180,336.22 less payments made and credited to principal, plus interest and attorneys' fees and costs.

15. Defendants defaulted on the Note by failing to submit the third through fifteenth installments.

16. The terms and conditions of the Agreement also required Company to cooperate with a payroll compliance audit by the Pension Fund by producing specified documents within sixty (60) days of execution of the Agreement.

17. Defendants defaulted on the Note by failing to cooperate with the Pension Fund's audit.

18. The terms and conditions of the Agreement also required Company to timely submit all current monthly contributions and remittance reports to the Pension Fund, commencing with hours worked during September 2017 as required by Company's collective bargaining agreement.

19.     Company defaulted on the Note by failing to submit remittance reports and contributions for the period September 2017 to date.[1]

## COUNT I – DEFAULT ON NOTE

20.     Paragraphs 1 through 19 are incorporated by reference as if fully restated.

21.     Defendants paid two (2) payments under the Agreement and then ceased making timely payments and defaulted under the Agreement.

22.     On March 28, 2018 and May 16, 2018, Plaintiffs' counsel mailed a Notice of Default and Right to Cure to the Defendants. Pursuant to the terms of the Agreement, the Defendants had ten (10) days from the date the Notices were received in which to cure this default.

23.     In response to the Notice of Default and Right to Cure, Defendants provided checks to the Pension Fund that were returned by the bank for insufficient funds and thus failed to cure the breach.

24.     Defendants paid a total of $34,745.34 in installment payments pursuant to the Agreement.

25.     As of the filing of this Complaint, neither Plaintiffs nor their counsel have received the requested payments.

26.     Pursuant to the Warrant, Plaintiffs are entitled to confess judgment on the Note without further demand.

27.     As an additional consequence of the default, the Funds revoked the conditional waiver of liquidated damages in the amount of $27,995.28.

---

[1] The delinquency related to Company's failure to timely submit remittance reports and contributions is subject to a separate Complaint filed contemporaneously with the Court.

28. The amounts due under the Agreement are:

| | |
|---|---|
| Total Debt | $180,336.22 |
| Payments Received | -$ 3,256.13 |
| Post-agreement interest on the declining balance of Total Debt at 8% per annum, compounding monthly through 8/30/2019 | $ 17,750.64 |
| Attorneys' Fees and Costs (10/13/17 through 7/31/2019) | $ 13,671.51 |
| **TOTAL** | $208,502.24 |

29. Judgment has not previously been entered on the Note in any jurisdiction against the Defendants.

WHEREFORE the Plaintiffs demand judgment against the Defendants SRI Construction LLC d/b/a SRI Construction LLC. and Guru Switzoor, individually, in the sum of $208,502.24.

Respectfully submitted,

**JENNINGS SIGMOND, P.C.**

Date: September 6, 2019

/s/ Judith Sznyter
JUDITH SZNYTER (Bar No. 29743)
MAUREEN W. MARRA*
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0641
Fax: (215) 922-3524
jsznyter@jslex.com/dmd_erisa@jslex.com
*Attorney for Plaintiffs*

* Application for Pro Hac Admission of Maureen W. Marra shall be made at the appropriate time.