IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND et al | * | |
| | * | |
| Plaintiffs, | * | Civil No.: 19-cv-02586-GLR |
| v. | * | |
| SRI CONSTRUCTION, et al | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATIONS**

This Report and Recommendation's addresses the Complaint for Confession of Judgment that Plaintiff International Painters and Allied Trades Industry Pension Fund et al ("Plaintiffs") filed against Defendants SRI Construction LLC and Guru Switzoor (collectively, the "Defendants"). (ECF No. 1). On September 6, 2019 in accordance with 28 U.S.C § 636 and Local Rules 303 and 203, Judge Russell referred this case to me to review Plaintiff's Complaint for Judgment by Confession. (ECF No. 2). For the reasons herein, I recommend that the Clerk of Court enter the confessed judgment.

I.  BACKGROUND

The International Painters and Allied Trades Industry Pension Fund ("Plaintiff" or "Funds") are trust funds established under 29 U.S.C. § 185(c)(5). (ECF No. 1 at 2). Its trustees are the "named fiduciary," "plan administrator," and "plan sponsor," and each is an individual fiduciary within the meaning of 29 U.S.C. § 1102(a), (16), (21), for the International Painters and

1

Allied Trades Industry Pension Plan ("Pension Plan"). *Id.* The Pension Plan is a "multiemployer plan," "employee benefit plans," and "employee benefit pension plans" as within the meaning of 29 U.S.C. § 1102(37), 1002(2), and (3). *Id.* The Fund and Tim D. Maitland ("Maitland") are authorized collection fiduciaries and agents for the Pension Plan and sue on behalf of the Pension Plan. *Id.* Defendant SRI Construction ("SRI") is a New York limited liability corporation and an employer in an in industry affecting commerce within the meaning of 29 U.S.C. § 152(2), (6), and (7), and § 1002(5), (11), and (12). (ECF No. 1 at 3). Defendant, Guru Switzoor, is an individual and an owner, officer, agent, or managing agent of SRI. *Id.* Switzoor executed a Promissory Note and Personal Guarantee and is personally liable to the Pension Fund for the debts and obligations of SRI. *Id.*

SRI was bound to a collective bargaining agreement ("CBA") with the International Union of Painters and Allied Trades, District Council 9 ("Union,") which required the payment of fringe benefit contributions and wage deductions to the Fund for hour worked or wages earned by covered workers. *Id.* at 3. On October 16, 2017, to resolve the $180,336.22 debt owed by SRI to Plaintiff (for the period of July 2014 through April 2015), SRI and Switzoor entered into a Settlement Agreement, Promissory Note, and Warrant of Attorney to Confess Judgment. *Id.* ¶ 11. In accordance with the terms and conditions of the Agreement, Plaintiffs agreed to conditionally waive $27,995.28 in liquidated damages owed by SRI, as long as SRI complied with the terms of the agreement. (*Id.* ¶ 12; ECF No. 1-3 at 2). This would have resulted in a balance of $152,340.94 ("Settlement Sum"). *Id.* The terms and conditions of the Note required Defendants to submit to Plaintiffs fifteen monthly installment payments commencing on November 15, 2017, with the final payment to occur on or before January 15, 2019. (ECF No. 1 ¶ 13).

Defendants defaulted on the Note by failing to submit the third through fifteenth installments. *Id.* ¶ 15. In addition, the terms and conditions required SRI to cooperate with a payroll compliance audit by the Fund (by producing specified documents within sixty days of executing the agreement), which they failed to do. *Id.* ¶ 16. Plaintiff filed a Complaint in this Court requesting a Confession of Judgment on September 6, 2019. (ECF No. 1). At this time, neither Plaintiffs nor their counsel had received the requested payments. *Id.* ¶ 15. Plaintiffs contend that under the Agreement the following amounts are owed:

| | |
|---|---|
| Total Debt | $180,336.22 |
| Payments Received | –$3,256.13 |
| Post-agreement interest on the declining balancing of Total Debt (8% per annum) compounding monthly through 8/30/2019 | $17,750.64 |
| Attorneys' Fees and Costs (10/13/17 through 7/31/2019) | $13, 671.51 |
| Total | $208,502.24 |

(ECF No. 1-8 at 1).

II. LEGAL STANDARD

In effect, a Judgment by Confession is a private admission to liability for debt without trial and allows the entry of a judgment on the admission or confession without the formality, time, or expense, involved in an ordinary proceeding.[1] Local Rule 108.1 requires that a plaintiff seeking the entry of a confessed judgment file a Complaint, accompanied by:

1. [T]he written instrument that
    (a) authorizes the confessed judgment; and
    (b) entitles the plaintiff to a claim for liquidated damages;

---
[1] *Nature of Judgment by Confession*, 49 C.J.S. Judgments § 10 (2019).

> 2. [A]n affidavit of the plaintiff or someone on behalf of the plaintiff, stating:
>    (a) the circumstances under which the defendant executed the written instrument;
>    (b) the age and education of the defendant, if known;
>    (c) the amount due under the written instrument; and
>    (d) the defendant's post office address (including the street address if needed to effect mail delivery).

*Int'l Painters v. Kosson Glass*, *Inc.*, 2016 WL 7383354, at *1 (D. Md. Dec. 21, 2016) (citing Loc. R. 108.1(b))

Upon review of the documents required to be submitted by Local Rule 108.1, the Court may direct the entry of judgment upon a finding that the documents attached to the Complaint prima facie establish:

1. The Defendant's voluntary, knowing, and intelligent waiver of:
   a. The right to notice; and
   b. A prejudgment hearing on the merits of the claim of the Plaintiff's liquidated damages claim; and
2. The Plaintiffs' meritorious claim for liquidated damages against the Defendant.

L.R. 108.1(b).

III. WRITTEN INSTRUMENTS AUTHORIZING THE CONFESSION OF JUDGMENT AND SUPPORTING AFFIDAVIT

The issue before the Court is whether the Plaintiffs have satisfied the requirements under the Local Rules, as discussed above, and Confession Judgment can be entered against the Defendant. Plaintiffs attached to their complaint several documents which, when considered together, constitute "written document[s] authorizing the confessed judgment and entitling Plaintiffs to a claim for liquidated damages." *Kosson*, 2016 WL 7383354, at *1. Plaintiffs also attached the Declaration of its Counsel, Judith Sznyter. (ECF No. 1-8). Ms. Sznyter's Declaration provides that as of September 6, 2019 Defendants had an outstanding $180,336.22 in total debt, $17,750.64 in post-agreement interest on the declining balance of the total debt, and attorney's

fees and costs of $13,671.51. *Id.* In her affidavit, Ms. Sznyter certifies the truthfulness of the assertions in the Complaint, authenticates the exhibits attached to the Complaint, and details the calculation of the requested confessed judgment. *Id.* at 1–2. Ms. Sznyter's affidavit references the Promissory Note authorizing the Confession of Judgment[2] which was executed by SRI Construction, and Guru Switzoor, and additionally, it provides the mailing address of the Defendants. *Id.* at 1. I find that the Complaint and its accompanying documents substantively meet the requirements of Local Rule 108(a). A discussion of the written instruments authorizing a confession of judgment against SRI follows.

### AMENDED SETTLEMENT AGREEMENT

Plaintiffs attached a Settlement Agreement with Guaranteed Confessed Judgment (the "Note") dated October 13, 2017. (ECF No. 1-3). This document was executed by Garu Switzoor in his capacity as owner of SRI Construction, and individually. *Id.* at 10. In case of breach, the Agreement authorizes the Fund to

> [T]ake such actions as it reasonably deems appropriate to collect all amounts owed to it by Company. The amount recoverable by the Funds shall be the Total Debt less payments made to the date of default and amortized to principal and interest. The processing charge shall neither increase nor decrease the amount recoverable by the funds. In addition, the Funds shall also be entitled to recover all reasonable attorneys' fees and costs and related collection costs it incurs as a result of a breach."

*Id.*

This Agreement "establishes that Defendant agreed to pay the payments required under the Agreement in exchange for the Fund's forbearance from filing and executing upon the Confessed Judgment Note for so long as Company complies with each and every term of this Agreement and the Note." (ECF No. 1-3 at 2). Furthermore, if SRI did not cure the breach within the allotted ten-

---

[2] The Declaration states that the Promissory Note "authoriz[es] the confession of judgment against the Defendant . . . . " (ECF No. 1-8 at 1).

5

day grace period, the Fund would have the right to immediately take action upon the Note or take any other action sit deems appropriate. *Id.* ¶ 8.

Consistent with the Agreement, the Fund notified SRI of its alleged breach and right to cure on March 28, 2018, and May 16, 2018. At this time, Plaintiffs' counsel mailed a Notice of Default and a Right to Cure to the Defendants. (ECF No. 1 ¶ 22). In response, Defendants provided checks to the Pension Fund, but they were returned by the bank for insufficient funds, and thus failed to cure the breach. *Id.* ¶ 24. Following the lapse of the grade period, the Fund filed the instant Complaint, along with an affidavit by counsel specifying the basis for the Fund's claim for confessed judgment and sum of debt owed with interest. *See* (ECF No. 1).

**PROMISSORY NOTE**

The Fund attached a Promissory Note dated October 13, 2017. (ECF No. 1-3 at 9). Mr. Switzoor executed the Promissory Note on behalf of SRI. *Id.* It identifies a principal sum of $180,336.92, together with an eight percent interest, that SRI agreed to pay the fund. (ECF No. 1-3 at 9). The Promissory Note also contains the following "WARNING": "[b]y signing this paper you give up your right to notice and court trial. If you do not pay on time, a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you have against the fund . . . ." (ECF No. 1-3 at 11).

**WARRANT OF ATTORNEY TO CONFESS JUDGMENT**

The Promissory Note contains a confession of judgment provision that provides to secure payment the Obligor and Guarantor irrevocably authorize that . . . any attorney of any court of record [to] appear for them in [this Court' and confess a judgment without process in favor of any holder of this Note . . . ." (ECF No. 1-3 at 11). The fund attached a Warrant of Attorney to Confess Judgment, signed and dated by Mr. Switzoor, reiterating SRI's promise to pay under the

Agreement and Promissory Note and waiver of rights to notice and court trial in case of default. (ECF No. 1-3 at 11).

**ENFORCEABILITY OF CONFESSED JUDGMENT**

Evidence suggests Mr. Switzoor voluntarily, knowingly, and intelligently, entered into the Agreement. Although his age is not specified in the Affidavit, Mr. Switzoor, as owner, officer, agent, or managing agent of SRI, was presumptively an adult and a sophisticated business person at the time he executed the agreement. (ECF No. 1 at 3). These facts are sufficient to meet the requirement that a confessed judgment be voluntary, knowing, and intelligent. *Kosson*, 2016 WL 7383354, at *2 (listing cases). The Confession of Judgment is therefore enforceable against Mr. Switzoor.

**DAMAGES**

Pursuant to the confessed judgment provision in the Agreement and Promissory Note, the Fund seeks $208,502.24. (ECF No. 1-8 at 1–2). Ms. Sznyter's affidavit that provides that, as of September 6, 2019 Defendants had an outstanding $180,336.22 in total debt, $17,750.64 in post-agreement interest on the declining balance of the total debt, and attorney's fees and costs of $13,671.51. *Id.*

In addition to the liquidated damages described above, the Promissory Note entitles Plaintiff to "reasonable attorney fees." (ECF No. 1-3 at 4, 11). Ms. Sznyter's Declaration provides that Defendants owe attorney's fees and costs of $13,671.51. (ECF No. 1-8 at 1).[3] In calculating the appropriate award of attorney's fees, the Court must first determine the lodestar amount, which is defined as "a reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). A trial court may exercise its discretion in

---

[3] Subsequently, Counsel amended this number to $17,662.50, which accounts for the fees owed since Counsel's original Declaration. (ECF No. 4 at 3).

determining the lodestar amount because it possesses "superior understanding of the litigation," and the matter is "essentially" factual. *Thompson v. HUD*, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002). After calculating the lodestar amount the Court calculates a reasonable fee by evaluating whether the hours worked were reasonable (*i.e.*, the request does not include hours that are unnecessary or duplicative).

In this Circuit, in evaluating both the lodestar amount and the overall reasonableness of the fee, courts utilize twelve factors. These considerations include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Thompson*, 2002 WL 31777631, at *6. n.19 (citing *Johnson v. Georgia Highway Express*, *Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Notably, when entering a default judgment, the court may make an award of attorney's fees for a lesser amount than the moving party requested. *Sweeney v. Khan*, 2017 WL 2833252, at *6 (D. Md. June 30, 2017).

According to the Declaration of Plaintiffs' Counsel, Ms. Marra, the attorneys in this case billed at a "composite" rate of $375.00 per hour for attorney time, and $120.00 for their two paralegals. (ECF No. 1-4 at 2). The rates charged for the most experienced attorneys, Dawn Costa and Judith Sznyter, and those charged for the two paralegals comport with the "Guidelines for Hourly Rates" as set forth in Appendix B of the Local Rules of this Court.[4] Although the rate of

---

[4] In considering the overall reasonableness of the fee, the Local Guidelines are not definitive; but are "solely to provide practical guidance to lawyers and judges when requesting, challenging, and awarding fees." L.R. App'x B n.6.

the most experienced attorneys falls within the guidelines, a rate of $375 per hour for Ms. Marra, Ms. Ward, and Mr. Keenan exceeds the range provided for in the Guidelines. L.R. App'x B (3)(e) (providing for lawyers admitted to the bar for less than five (5) years an appropriate fee is between $150 and $225). Consequently, pursuant to this Court's Interim Order, Plaintiff's Counsel supplemented its affidavit and adjusted the fees: Mr. Keenan ($225); Ms. Ward ($300), and Ms. Marra ($350). (ECF No. 4 at 1).

Ms. Marra has been admitted to the bar for approximately nine years (ECF No. 1-4 at 3). Under the Local Rules, a reasonable fee for an attorney admitted to the bar for nine to fourteen years is between $225–350. L.R. App'x B. In the Declaration of Counsel, Ms. Marra, cited her accolades, and given her significant experience in this area of law, $350 per hour appears reasonable. (ECF No. 1-5 at 4.).

Despite providing Plaintiff's Counsel with an additional opportunity to justify the fees for Ms. Ward and Mr. Keenan, which still fall at the high end of the spectrum, they failed to do so. Counsel merely stated that a uniform rate of $375 per hour results in savings to "Plaintiffs because senior attorneys with considerable experience could have commanded higher rates within the Appendix B guidelines however they agreed to compromise their fees,"[5] and "the evidence presented in the Affidavit of Counsel demonstrates that the rates for [the attorneys] are reasonable in comparison to other billing metrics." (ECF No. 4 at 2). However, Plaintiff's Counsel did not

---

Notably, in a Report and Recommendation dating from February 2016, then-Magistrate Judge Gallagher, of this Court, permitted an equal hourly "composite" rate of $340.00 on behalf of Ms. Costa and Ms. Sznyter, but adjusted the rate of the associate attorneys to $175 per hour. *Sign Maint.*, 2016 WL 447319, at *5 (D. Md. Feb. 5, 2016). Further, given the amount of time that has passed since the prior awards, a modest increase of $35 is appropriate. *Cf. Selby v. Sip & Bite*, 2015 WL 4924964, at *1 (D. Md. Aug. 17, 2015).

[5] In another case within this Court, Judge Bredar deemed the "special fee" schedule with Plaintiffs to be reasonable. This fee schedule afforded $220/hour rate for attorneys and a $70/hour rate for paralegals or clerks. Further, the timesheet reflected 28 hours worked by four attorneys, one paralegal, and one legal assistant. *Int'l Painters v. H.C. Ackerman*, 2012 WL 251963, at *4 (D. Md. Jan. 24, 2012).

9

provide the Court with information particularizing how long attorneys Ward or Keenan have been admitted to the bar, or how the twelve *Johnson* factors listed above apply to their work.[6] Accordingly, the rates for Ms. Ward, and Mr. Keenan will be further adjusted to $175 per hour. *See, e.g.*, *Sign Maint.*, 2016 WL 447319, at *5 (finding $175 to be a reasonable hourly fee for associate attorneys with one and two years of experience); *International Painters v. Williamsport Mirror & Glass Co.*, 2015 WL 567304, at *6 (D. Md. Feb 9, 2015) ("Thus, the rate for Mr. Hagarty, who has eight years of legal experience, will be adjusted to $300 per hour, and the rate for Mr. Tokarsky, who appears to have only a few months of legal experience, will be adjusted to $150 per hour.").

As adjusted, Ms. Ward's fee is reduced to $2,642.50, and Mr. Keenan's fee becomes $5,232.50. *See* (ECF No. 4 at 2). Accordingly, the fee awarded to Plaintiffs' counsel on behalf of these *three* lawyers is $8,610. However, as Plaintiff's Counsel did not provide breakdowns for Attorneys Costa and Sznyter, and the amount of fees owed continues to increase, Plaintiffs should supplement the Court with this information.

IV. CONCLUSION

In summary, I find that International Painters' Complaint and the exhibits incorporated therein prima facie establish that Defendants voluntarily, knowingly, and intelligently waived the right to notice and a prejudgment hearing on the merits of the Plaintiff's claim. In light of the above, I recommend the Clerk to enter the confessed judgment against Defendants in the amount of $180,336.22; $17,750.64 in interest accrued through August 30, 2019 (plus additional interest

---

[6] Ms. Marra's affidavit fails to state when Dominique Ward was admitted to the bar, and merely states she "was an associate at the firm from November 2018 until June 2019." (ECF No. 1-4 at 4). In addition, Counsel only states that Mr. Keenan graduated from law school at Drexel in 2016, and even if he was also admitted to the bar in 2016, he has been admitted for less than five years. (ECF No. 4 at 4).

10

as itemized in the complaint); along with additional interest to accrue at the post-judgment rate from the date of the judgment until paid.  After the culmination of its collection efforts, Plaintiffs will be permitted to submit a specific amount claim for attorneys' fees, in accordance with the fees as outlined above, and collection expenses with an affidavit in support of the requested fees and costs.

 I further direct the Clerk to ensure that notice of this entry Report and Recommendation is provided to Defendants, pursuant to Local Rule 101.8(C):

| | |
|---|---|
| Guru Switzoor<br>2 China Lane<br>Setauket, NY 11733 | SRI Construction LLC<br>c/o Guru Switzoor<br>200 South Service Road, Suite 101<br>Roslyn Heights, NY 11577 |
| Jeremy Kalina, Esquire<br>Turnstead & Schecter<br>500 North Broadway, Suite 101<br>Jericho, NY 11753 | |

The parties have fourteen (14) days to file objections to this Report and Recommendations, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).


Date:   October 10, 2019                                    /s/
                                                                                        J. Mark Coulson
                                                                                        United States Magistrate Judge